**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>XIN LIU | Case No. 21-cr-00503<br><br>Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

The government indicted defendant Xin Liu on five counts of marijuana-related charges: conspiring to possess with intent to distribute and distribute marijuana (Count One); distributing marijuana on the 2500 block of South Halsted in Chicago (Count Two); and possessing marijuana with intent to distribute at several locations in Chicago: the 2900 block of South Wentworth (Count Three), the 2250 block of South Halsted (Count Four), and the 2200 block of South Archer (Count Five). [1].[1] The government subsequently dismissed Count Five. [33]; [34].

Before the court are four motions by Liu: to dismiss as duplicitous Counts Three, Four, and Five (the three counts charging possession with intent to distribute at different locations) [21], suppress evidence obtained from Liu's son and the search of Liu's residence [22], obtain discovery [24], and quash Liu's arrest and suppress evidence obtained from it [25].

For the reasons below, the motion to dismiss Counts Three, Four and Five as duplicitous is struck as withdrawn, and the remaining motions (to suppress evidence obtained from Liu's son and the search of Liu's residence, obtain discovery, and quash Liu's arrest and suppress evidence obtained from it) are denied.

**I.      Motion To Dismiss Counts Three, Four, And Five As Duplicitous**

After Liu's motion to dismiss Counts Three, Four, and Five as duplicitous was filed, the government voluntarily dismissed Count Five without prejudice. [33]; [34]. Later, in Liu's reply, Liu recognized that the motion to dismiss Count Five

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

was now "moot" and he "withdr[e]w[]  this motion." [35] at 4.  Accordingly, because Liu has withdrawn the motion, the motion is hereby struck.

## II.     Motion To Suppress Evidence Obtained From Liu's Son And The Search Of Liu's Residence

Liu argues that statements made by Liu's son, as well as evidence obtained from a search of Liu's residence on the 2200 block of South Archer to which his son consented, should be suppressed because his son was not read his *Miranda* rights after being taken into custody and his son did not voluntarily consent to the search. As noted above, the government dismissed Count Five, which addressed Liu's alleged possession of marijuana with intent to distribute on South Archer.  The government now asserts that, because Count Five has been dismissed, none of the remaining counts relate to marijuana at Liu's residence and the government does not intend to use any statements made by Liu's son or evidence obtained from Liu's residence. [32] at 5–6.  The government contends that Liu's motion is therefore moot.  Liu asserts that the motion is not moot because the government could change its mind and use the evidence later.  Liu also asks that, if the motion is denied as moot, it be denied without prejudice and the government should be required to give Liu notice if it ultimately decides to use this evidence.

Because the government has dismissed Count Five and represented that it will not use any of the challenged evidence, Liu's motion is denied as moot.  If the government later decides that it will use any of this evidence for any purpose in this proceeding, it must give reasonable notice to Liu so that he has an opportunity to move to suppress (if he chooses to do so).

## III.    Motion For Discovery

Next, Liu's motion for discovery states that the government has already produced some documents in discovery and the government has represented that there was a video and possibly other evidence that have not yet been produced.  Liu asks that the court order the government to produce all evidence that Liu is entitled to under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).  The government did not respond to this motion.

Liu's motion is denied.  The only specific evidence identified in Liu's motion is an unspecified "video," and there are no details in the motion from which the court can conclude that the video should be produced under either Rule 16 or *Brady*. Further, a generic order that the government must comply with Rule 16 and *Brady* would be little more than an order directing the government to follow the law, which at this point is unnecessary.  The government has already been reminded of its "continuing obligation under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, to disclose information favorable to the defendant that is material to guilt or punishment" and has been warned that "[f]ailure to disclose may result in

various consequences, including but not limited to: exclusion of evidence, adverse jury instructions, a mistrial, dismissal of charges, vacatur of a conviction or guilty plea, disciplinary action against the prosecution, and contempt proceedings." [6]. The government of course remains subject to this continuing obligation.

If Liu believes that the government has not satisfied its discovery obligations, Liu and the government should meet and confer. Any disputes over discovery can then be brought to the court for resolution on a fully developed record.

## IV. Motion To Quash Arrest And Suppress Related Evidence

Finally, Liu moves to quash his arrest, the evidence found nearby him following his arrest, and any evidence and statements obtained from questioning him after he was arrested. Liu contends that the officer who arrested him lacked reasonable suspicion to conduct a *Terry* stop and, as a result, the evidence obtained because of that stop should be suppressed and Liu's subsequent arrest should be quashed.

"The Fourth Amendment allows officers to briefly detain and stop a person for investigative purposes even where probable cause is lacking where the officer has a reasonable suspicion based on articulable facts that criminal activity may be occurring." *United States v. Segoviano*, 30 F.4th 613, 619 (7th Cir. 2022). "Reasonable suspicion embodies less than probable cause or even a preponderance of the evidence, but more than a hunch." *Id.* (internal quotation marks omitted). "Significantly, '[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity . . . [or] is wanted for past criminal conduct.'" *Id.* (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981) (alterations in original) (emphasis omitted)). "Based on that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Id.* (quoting *Cortez*, 449 U.S. at 417–18). "The government bears the burden of establishing reasonable suspicion by a preponderance of the evidence." *United States v. Uribe*, 709 F.3d 646, 650 (7th Cir. 2013).

The facts here are undisputed. On July 26, 2020, officers were conducting surveillance on Liu and they observed him park his van behind a restaurant. [32-1] at 2. Later that day, an agent observed a car pull into the alley behind the restaurant. *Id.* Liu exited the restaurant, took a cardboard box out of the van, and handed it to the driver of the car, who then placed the box in the car and drove away. *Id.* Officers followed the car and shortly thereafter conducted a traffic stop after the car failed to signal when changing lanes. *Id.* During the traffic stop, the driver consented to have his car searched and told the officers that he had marijuana in the car. *Id.* Searching the car, officers found the cardboard box Liu had given the driver with several bags of marijuana inside. *Id.* at 2, 9.

3

Meanwhile, Liu had left the restaurant driving the van and Special Agent Rice was following him. *Id.* at 9. While following Liu, the officers who had stopped the driver of the car informed Rice that they had seized the cardboard box given to the driver by Liu and that it contained marijuana. *Id.* Around forty minutes later, Rice observed Liu stop the van on the side of the road and saw a man approach Liu's passenger-side window. *Id.* The man leaned in and began to lift an object from the front passenger seat but Rice could not discern what the object was. *Id.*

Believing that a drug transaction was occurring, Rice exited his vehicle, stated that he was the police, and ordered Liu to stop the van. *Id.* The man dropped the object back into the passenger seat. *Id.* Upon approaching, Rice was able to see two paper bags in the front passenger seat that contained marijuana. *Id.*

The parties do not dispute that Rice's actions constituted a *Terry* stop. Based on the totality of the circumstances, Rice had reasonable suspicion to support the stop. At the time Rice ordered Liu to stop the van, Rice was aware that Liu had distributed marijuana from the van earlier in the day, observed Liu stop the van on the street, and saw a man approach and lean into the van to pick up an object. Based on these circumstances, Rice had an objective basis to believe that Liu was engaged in another drug transaction. *See United States v. Govan*, 365 F. App'x 693, 696 (7th Cir. 2010) (officers had reasonable suspicion based upon the circumstances to believe defendant had purchased alcohol outside liquor store even though "[t]he officers did not actually see any items exchanged and the men's hand movements were susceptible of an innocent explanation"); *cf. United States v. Bullock*, 632 F.3d 1004, 1013 (7th Cir. 2011) (officer had reasonable suspicion to detain suspect based on confidential informant's tip that defendant was dealing drugs and defendant's "suspicious activity" "[e]ven though [officer] did not observe drug-dealing activity taking place at the residence"). Indeed, the Seventh Circuit has held that similar facts support a finding of probable cause—a higher standard than reasonable suspicion. *See United States v. Sands*, 815 F.3d 1057, 1062 (7th Cir. 2015) (officer had probable cause for arrest based on confidential informant stating defendant was dealing drugs from his car and officer witnessing a defendant "engage in a hand-to-hand transaction" with someone through the car window that officer believed "was a narcotics transaction").

Liu's motion emphasizes that Rice did not know whether he was observing a second drug transaction at the time Rice stopped Liu but ignores the fact that Rice had been informed of the confirmed drug transaction that took place earlier in the day. This fact—that Rice already knew Liu had distributed marijuana from his van earlier in the day—distinguishes the cases relied on by Liu. *See Illinois v. Petty*, 2012 IL App (2d) 110974, ¶ 17 ("[O]ther than the defendant's observed actions, the officers did not have any reason to suspect that criminal activity had taken place."); *Illinois v. Ocampo*, 377 Ill. App. 3d 150, 162 (2007) ("[T]he testimony here did not indicate that police had any reason, independent of defendant's observed actions, to suspect that criminal activity might have occurred."); *see also United States v.*

4

*Carlisle*, 614 F.3d 750, 755 (7th Cir. 2010) ("The suspicious conduct may be ambiguous and susceptible to an innocent explanation, but the officers may detain the individual to resolve such ambiguity."). Further, because Rice had been informed by other agents that Liu had distributed marijuana to the driver who met Liu in the alley behind the restaurant, Rice independently had justification to stop and arrest Liu and then search his vehicle incident to arrest, regardless of what Rice also observed when following Liu. *Sands*, 815 F.3d at 1061–63; *see United States v. Paige*, 870 F.3d 693, 702 (7th Cir. 2017) (officer could lawfully search vehicle incident to arrest because she had "reasonable basis for believing that the vehicle contained evidence of . . . marijuana possession").

Liu's motion to quash his arrest and suppress evidence is therefore denied.

## CONCLUSION

For the reasons above, the motion to dismiss Counts Three, Four and Five as duplicitous is struck as withdrawn, and the remaining motions (to suppress evidence obtained from Liu's son and the search of Liu's residence, obtain discovery, and quash Liu's arrest and suppress evidence obtained from it) are denied.


Dated: July 8, 2022                        /s/ Martha M. Pacold